UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

-----------------------------------------------------------------X
:
MALIBU MEDIA, LLC, :
: Civil Action No. 5:14-cv-2760
Plaintiff, :
:
vs. :
:
JOHN DOE subscriber assigned IP address :
98.27.199.201, :
:
Defendant. :
:
-----------------------------------------------------------------X

ORDER ON MOTION FOR LEAVE TO SERVE
THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

**THIS CAUSE** came before the Court upon Plaintiff's Motion for Leave to Serve A Third Party Subpoena Prior to a Rule 26(f) Conference (the "Motion"), and the Court being duly advised in the premises does hereby:

**FIND, ORDER AND ADJUDGE:**

1. Plaintiff established that "good cause" exists for it to serve a third party subpoena on Time Warner Cable (hereinafter the "ISP"). *See Malibu Media, LLC v. Doe*, 2014 WL 4638936 (S.D. Ohio 2014) ("Courts within the Sixth Circuit have found good cause and granted motions for expedited discovery in such actions as well."); *Vision Films, Inc. v. Does 1–16,* 2013 WL 1385206 (E.D. Tenn. 2013) (finding good cause); *Malibu Media, LLC v. John Does 1–9,* 2013 WL 142083 (E.D. Mich. 2013) (same).

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name, address, and e-mail address of the Defendant to whom the

ISP assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to the Defendant.

4. If the ISP that qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**DONE AND ORDERED** this 7th day of January, 2015.

By: /s/ John R. Adams
**UNITED STATES DISTRICT JUDGE**

2